UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re: Chapter 11

STANLEY J. BERKE M.D. P.C. Case No.: 26-72750
d/b/a BERKE EYE CARE

Debtor.

-------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AS SEPTEMBER 4, 2026 AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application [ECF No. 22] filed July 29, 2026, of the above captioned debtor and debtor in possession (the "Debtor"), for an order, pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 3003 (c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interest of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED,** that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the STANLEY J. BERKE M.D. P.C. d/b/a BERKE EYE CARE Chapter 11 petition [ECF No. 1] on July 9, 2026 (the "Filing Date"), shall file a proof of such claim in writing so that it is received on or before **September 4, 2026 at 4:30 P.M. Eastern Time** ~~(including governmental units)~~ (the "Bar Date"); and it is further

**ORDERED,** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before January 5, 2027; and it is further

**ORDERED,** that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts or access to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722.

(c) Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date; **and**

(d) Proofs of claim must be (i) signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; ~~and~~

(e) ~~The Debtor to which the claim is filed for must clearly state the Debtor's name and case number~~.

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed,." "contingent" or "unliquidated"' and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any holder of a claim that heretofore has been allowed by order of this Court;

(d) Any person or entity whose claim has been paid in full by the Debtor;

(e) Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f) Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of any parent corporation having a claim against any of the Debtor;

(g) Any holder of claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration; and it is further

**ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED,** that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of

claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED,** that nothing in this Order shall prejudice the rights of the Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED,** that a copy of the Notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a) the United States Trustee;

(b) counsel to each official committee, if any

(c) all persons or entities that have requested notice of the proceedings in the Chapter 11 case;

(d) all persons or entities that have filed claims;

(e) all creditors and other known holders of claims as of the date of this Order; including all persons or entities listed in the Schedules as holding Claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor; and

(h) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission

and any other required governmental units;

~~(I) such additional persons and entities as deemed appropriate by the Debtor; and it is further~~

~~**ORDERED**, that with regard to those holders of claims listed on the Schedules, the Debtor shall mail one or more proof of claim forms (as appropriate) substantially similar to official Bankruptcy Form No. 10 and clearly identifying which Debtor the claim is against; and it is further~~

~~**ORDERED,** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further~~

**ORDERED,** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the rights of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

**Dated: Central Islip, New York**
**July 30, 2026**

United States Bankruptcy Court
Eastern District of New York

Sheryl P. Giugliano
United States Bankruptcy Judge